J-S04015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES L. HOPPER | : | |
| | : | |
| Appellant | : | No. 1401 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 24, 2018
In the Court of Common Pleas of Columbia County Criminal Division at
No(s):  CP-19-CR-0000889-2017

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                          **FILED MAY 07, 2019**

Appellant, James L. Hopper, appeals from the judgment of sentence entered on July 24, 2018, in the Columbia County Court of Common Pleas following his May 16, 2018 entry of a guilty plea.  Appellant's counsel has filed a petition to withdraw representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation on direct appeal.  Appellant has not filed a response to counsel's petition to withdraw.  Following our review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court summarized the facts of the crimes as follows:[1]

_____

[1] We remind counsel of his duty to attach the relevant trial court opinions to his brief pursuant to Pa.R.A.P. 2111 (b) and (d).

_____

*   Former Justice specially assigned to the Superior Court.

This case arises out of an incident which occurred on October 3, 2017. In his guilty plea, [Appellant] admitted that he asked [Tyler Kline ("the Victim")] for a ride while the Victim was beginning a date of sorts, which was blindly arranged on-line, with a female who was alleged to be complicit with [Appellant]. During the ride, from the back seat, while the Victim was driving, [Appellant] put a handgun to the Victim's head, told the Victim to drive to a secluded place and told the Victim to give [Appellant] all of the Victim's money. The Victim had none. [Appellant] told the Victim to strip and ordered the Victim to drive to a[n] automatic teller machine. The Victim, however, legally possessed a handgun, and, while the Victim was driving virtually naked, when [Appellant] was not paying attention, the Victim[] pulled his handgun, turned around and shot [Appellant] in the face. [Appellant] survived, and in court, appeared to be recovered but professes residual injuries.

Trial Court Opinion, 10/8/18, at 1.

By Information filed on December 22, 2017, Appellant was charged with robbery, kidnapping, persons not to possess firearms, firearms not to be carried without a license, unlawful restraint, attempt to commit theft, and simple assault. On May 16, 2018, Appellant pled guilty to robbery, graded as a felony of the first degree, persons not to possess firearms, graded as a felony of the second degree, and unlawful restraint, graded as a misdemeanor of the first degree.[2] Noting that Appellant's prior record score was five, the trial court imposed consecutive, standard-range sentences on July 24, 2018, as follows: a period of incarceration of eighty-four to 240 months for robbery; sixty to 120 months for the firearms violation; and twelve to twenty-four months for unlawful restraint. The aggregate sentence imposed, therefore, is

_____

[2] 18 Pa.C.S. §§ 3701(a)(1)(ii), 6105(a)(1), and 2902(a)(1), respectively.

- 2 -

156 months to 384 months of imprisonment. Appellant filed a timely post-sentence motion seeking reconsideration of his sentence pursuant to Pa.R.Crim.P. 720(B)(v), which the trial court denied on July 31, 2018. This timely appeal followed. While directed to file a Pa.R.A.P. 1925(b) statement, counsel noted that he would be filing a petition to withdraw pursuant to **Anders** and **Santiago**. The trial court complied with Rule 1925.

Before we address any question raised on appeal, we first must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id.** at 1032 (citation omitted).

In addition, our Supreme Court, in **Santiago**, 978 A.2d 349, stated that an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

- 3 -

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel has complied with the requirements for withdrawal outlined in *Anders*. Specifically, counsel requested to withdraw based upon his determination that the appeal is wholly frivolous. Petition to Withdraw as Counsel, 12/4/18, at ¶ 4. Additionally, counsel sent a letter to Appellant, and he attached a copy of the letter to his motion.[3] Counsel stated that he informed Appellant that he has filed a motion to withdraw and an *Anders* brief, and he apprised Appellant of his rights in light of the motion to withdraw as counsel. Thus, Appellant's appellate counsel satisfied the requirements of *Anders*.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is

_____

[3] While counsel's initial letter to Appellant dated December 4, 2018, misinformed Appellant regarding when he could proceed *pro se* or with new counsel, following our December 11, 2018 order directing same, counsel corrected the information to Appellant by letter dated December 18, 2018. *See Commonwealth v. Muzzy*, 141 A.3d 509 (Pa. Super. 2016) (clarifying that counsel's letter to client shall inform client that upon counsel's filing of petition to withdraw, client has immediate right to proceed in appeal *pro se* or by privately retained counsel).

frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361; *Cartrette*, 83 A.3d at 1032.

Counsel's brief is sufficiently compliant with *Santiago*. It sets forth the history of this case, outlines pertinent case authority, cites to the record, and refers to issues of arguable merit. *Anders* Brief at 5–12. Further, the brief advances counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. *Id.* at 13–22. Accordingly, we proceed to examine the issues counsel identified in the *Anders* brief, and then we conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).

Counsel for Appellant has indicated that after review of the certified record, there are no meritorious issues. *Anders* Brief at 11. However, counsel set forth three possible issues on Appellant's behalf:

Did the Trial Court have jurisdiction to hear the Appellant's case?

Did the Appellant enter his pleas knowingly, intelligently and voluntarily?

Did the Trial Court impose an Illegal Sentence?

*Anders* Brief at 5.

Appellant first inquires whether the trial court had jurisdiction to hear and decide his case. *Anders* Brief at 13. It is undisputed that Appellant plead

guilty to crimes that occurred in Berwick, Pennsylvania.  A person may be convicted under the laws of this Commonwealth for offenses committed within Pennsylvania.  18 Pa.C.S. § 102(a)(1).  Moreover, it is well settled that all courts of common pleas in Pennsylvania have statewide subject matter jurisdiction in cases arising under the Crimes Code.  *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003); 42 Pa.C.S. § 931.  Accordingly, the trial court had jurisdiction in the underlying prosecution.  The issue lacks merit.

Next, Appellant asks whether his guilty plea was knowingly, intelligently, and voluntarily entered.  *Anders* Brief at 14.  In assessing challenges to the validity of a guilty plea, we are guided by the following standard of review.  "Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea."  *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468 (Pa. Super. 2017); *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013).  "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing.  He bears the burden of proving otherwise."  *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted).  Post-sentence motions for withdrawal "are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices."  *Commonwealth v. Kehr*, 180 A.3d 754, 757 (Pa.

Super. 2018) (quoting **Commonwealth v. Broaden**, 980 A.3d 124, 129 (Pa.

Super. 2009)).  A defendant has no absolute right to withdraw a guilty plea;

rather, the decision to grant such a motion lies within the sound discretion of

the trial court.  **Kehr**, 180 A.3d at 757.

> Any challenge to Appellant's guilty plea is waived.
>
> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i).  **Failure to employ either measure results in waiver**.  Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

**Lincoln**, 72 A.3d at 609–610 (internal quotation marks and some citations

omitted) (emphasis added).  While Appellant filed a post-sentence motion

pursuant to Pa.R.Crim.P. 720, he simply sought to modify his sentence and

did not seek to withdraw his plea despite being informed of his right to do so.

Post Sentence Motion Pursuant to Pa.[R.]Crim.P. 720(B), 7/30/18; N.T.

(Guilty Plea), 5/16/18, at 4–6.  Moreover, Appellant did not challenge his plea

at either the guilty plea hearing or at sentencing.  N.T. (Guilty Plea), 5/16/18;

N.T. (Sentencing), 7/24/18; **see Commonwealth v. Tareila**, 895 A.2d 1266,

1270 n.3 (Pa. Super. 2006) (explaining that in order to preserve an issue

related to the guilty plea, an appellant must either object at the sentence

colloquy or otherwise raise the issue at the sentencing hearing or through a

post-sentence motion); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in

the lower court are waived and cannot be raised for the first time on appeal").

Accordingly, Appellant has waived any challenge to the validity of his guilty plea.

Appellant's final issue relates to the legality of his sentence. ***Anders*** Brief at 13, 18 (noting that entry of a guilty plea constitutes "waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence") (citing ***Commonwealth v. Main***, 6 A.3d 1026, 1028 (Pa. Super. 2010)). None of Appellant's sentences exceeded the statutory maximum, nor do any of the minimum sentences imposed exceed more than one-half of the maximum sentence. ***See Commonwealth v. Foster***, 17 A.3d 332 (Pa. 2011) (setting forth exhaustive list and explanation of claims relative to legality of sentence issues).

Despite labeling his final issue as one relating to the legality of his sentence, Appellant includes claims, though inartfully stated, that relate to the discretionary aspects of his sentence. A defendant may challenge the discretionary aspects of sentencing if the plea agreement contains no sentencing restrictions, as herein. ***Commonwealth v. Hill***, 66 A.3d 359, 363 (Pa. Super. 2013). Appellant references 1) the trial court's obligation to consider the Sentencing Guidelines, and 2) the fact that all of the sentences were imposed consecutively. ***Anders*** Brief at 19–22.

It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. ***Commonwealth v. Treadway***, 104 A.3d 597, 599

(Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a Rule 2119(f) statement, and (4) raising a substantial question for our review. ***Commonwealth v. Tejada***, 107 A.3d 788, 797 (Pa. Super. 2015) (citation omitted); ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013).

Herein, the first two requirements of the four-part test are met: Appellant brought a timely appeal, and he preserved his sentencing issues in his post-sentence motion to reconsider his sentence. However, he did not include in his appellate brief the necessary separate statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Nevertheless, this omission is not fatal to Appellant's sentencing challenge because the Commonwealth has not objected. ***See Commonwealth v. Yeomans***, 24 A.3d 1044 (Pa. Super. 2011) ("[W]hen the appellant has not included a Rule 2119(f) statement, and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate"). Moreover, "Where counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted). Thus, counsel's failure

to submit a Rule 2119(f) statement does not preclude review of whether Appellant's issue is frivolous.

In assessing the merits of a challenge to the discretionary aspects of a sentence, we apply the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015) (citing ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013)); ***see also*** ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (citation omitted) ("An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice bias or ill-will, or such a lack of support as to be clearly erroneous.").

In rejecting any challenge to the sentences imposed, the trial court noted that its imposition of sentence included careful consideration of the presentence report. Trial Court Opinion, 10/8/18, at 2–3. When a presentence investigation report exists, this Court presumes that the trial court "was aware of relevant information regarding [the appellant's] character and weighed those considerations along with the mitigating statutory factors." ***Commonwealth v. Fullin***, 892 A.2d 843, 849–850 (Pa. Super. 2006)

(citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report[,] thus properly considering and weighing all relevant factors." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

The trial court stated the following regarding its imposition of Appellant's sentences:

> The Pre Sentence Investigation Report ("PSI") showed that [Appellant] has a prior F-3 Robbery adjudication as a juvenile, and several adult convictions including two (2) M-2 Simple Assaults, an F-1 Aggravated Assault, and an ungraded Felony Possession with Intent to Deliver. [Appellant's] Prior Record Score was a "5." Since [Appellant] used a firearm in the incident, the "Deadly Weapons Used" matrix was applied, except for the Firearms count, since possession of a firearm was an element of that offense. The Victim Impact Statement makes it clear that the Victim suffered substantial trauma and that the Victim has been diagnosed with Post Traumatic Stress Disorder ("PTSD"). The Victim's PTSD has affected his livelihood and has limited his ability to drive trucks, which was his prior occupation.
>
> * * *
>
> At sentencing, this [c]ourt elaborated on the reasons for the sentences . . . . (NT 7/24/18, 7–9). This [c]ourt stated that, in recognition of [Appellant's] father's plea for leniency, this [c]ourt did not sentence [Appellant] at the upper end of the Standard Range for any of the offenses except the Firearms count . . . . On the record, this [c]ourt stated that concurrent sentences "would not do justice" (NT 7/24/18, p. 8 Ins. 16–17).
>
> * * *
>
> Sentencing is committed to the sound discretion of the trial court. Commonwealth v. Whitman, 2005 Pa. Super 277, 880 A.2d 1250 (2005). The standard range of the guidelines "is presumptively where a defendant should be sentenced." Commonwealth v. Fowler, 2006 Pa. Super 30, 893 A.2d 758, 767

- 11 -

(2006). The Standard Range and the reasons recited by this Court, on the record, validate all of the sentences.

As to this [c]ourt's exercise of its discretion to sentence consecutively, one need only look to the violent and planned nature of the offenses, the use of a han[d]gun by [Appellant] and the trauma suffered by the Victim. All three (3) offenses were distinct, address differing wrongs and policies, and do not merge. A sentencing court has broad discretion to assess consecutive sentences:

> . . . the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. Commonwealth v. Pass, 2006 PA Super 358, 914 A.2d 442, 446-47 (Pa. Super. 2006). The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

Commonwealth v. Moury, 2010 Pa. Super 46, 992 A.2d 162, 171– 172 (2010). 42 Pa.C.S. §9721(a) states that a sentencing court "may" impose sentences "consecutively or concurrently." Given [Appellant's] prior record, the distinctions between the crimes at issue, and the dangerousness, offensiveness and severity of [Appellant's] actions in illegally possessing a handgun to force the Victim to drive to a secluded place and in attempting to steal from the Victim, it cannot be said that consecutive sentences were unduly harsh.

Trial Court Opinion, 10/8/18, at 2–4. Further, Appellant exercised his right to allocution. N.T., 7/24/18, at 2–3; Pa.R.Crim.P. 704 (C)(1) (trial court shall afford the appellant the opportunity to make a statement in his behalf at the time of sentencing).

Based on the foregoing, we conclude that Appellant failed to establish by reference to the record that the sentencing court ignored or misapplied the

law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015).

Finally, we have independently reviewed the record in order to determine if counsel's assessment about the frivolous nature of the present appeal is correct. ***Yorgey***, 188 A.3d at 1195. After review of the issues raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/07/2019

- 13 -